# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ALFREDO ALVAREZ GUERRA,

                Petitioner,

   vs.

TODD BLANCHE,[1] *et al.*,

                Respondents.

Case No.: 2:26-cv-00498-GMN-MDC

**ORDER GRANTING, IN PART, PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner Alfredo Alvarez Guerra's[2] Amended Petition for Habeas Corpus Relief under 28 U.S.C. § 2241, (ECF No. 10).  Also pending before the Court is Petitioner's Motion for Temporary Restraining Order ("TRO"), (ECF No. 11).  Federal Respondents Kerri Ann Quihuis,[3] Michael Bernacke, Todd Lyons, Kristi Noem, and Pamela Bondi filed Responses, (ECF Nos. 15, 16).[4]  Respondent John Mattos also filed a Response to both motions, (ECF No. 14).  Petitioner replied, (ECF No. 17).  For the reasons discussed below, the Court GRANTS, in part, and DENIES, in part, the Amended Petition.[5]

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting U.S. Attorney General Todd Blanche is substituted for the currently named Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted or currently named Kristi Noem.  The Clerk of Court is kindly directed to update the docket to reflect these substitutions.

[2] The docket erroneously reflects Petitioner's name as "Alvarez Guerra Alfredo," even though his original Petition, (ECF No. 1), lists Petitioner's full name as "Alfredo Alvarez Guerra."  The Clerk of Court is kindly directed to change Petitioner's name on the docket to reflect the name provided in both the original and Amended Petitions.

[3] The docket does not currently list Defendant Kerri Ann Quihuis, who was added as a Defendant in the Amended Petition, (ECF No. 10).  The Clerk of Court is kindly directed to update the docket to include Kerri Ann Quihuis as a Defendant.

[4] The Court DENIES Petitioner's Motion for TRO as moot because the Court addresses the requested relief in its resolution of the Amended Petition.

## I.    BACKGROUND

Petitioner was born and raised in Cuba. (Am. Pet. 14:4, ECF No. 10).  He is not a citizen of any other country and does not have a lawful immigration status in any other country. (*Id.* 14:4–6).  Petitioner used the CBP One app to enter the United States on June 21, 2023, and applied for residency in July 2024 under the Cuba Adjustment Act. (*Id.* 14:7–8).  Petitioner obtained a work permit, driver's license, social security card, and lawful residency in 2024. (*Id.* 8–10).

Petitioner was arrested on March 10, 2025, and has been detained since. (*Id.* 14:10–11).  On May 21, 2025, an IJ denied Petitioner asylum, but granted him withholding of removal from Cuba. (*Id.* 14:11–14).  Petitioner appealed the IJ's decision to deny him asylum on June 18, 2025, and the BIA denied his appeal on January 22, 2026. (*Id.* 14–16).

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.    DISCUSSION

Petitioner argues that he is entitled to habeas relief on three grounds: (1) ICE's current policy and procedures relating to third-country removals violate the Administrative Procedure Act ("APA"); (2) Petitioner's continuing detention solely on the basis of facilitating third

country removal pursuant to recent ICE policy violates the Fifth Amendment; and (3) ICE's continued detention of Petitioner, without providing an individualized custody assessment pursuant to ICE policy, violates the APA, 5 U.S.C. § 706(2)(A).  Before the Court addresses Petitioner's grounds for habeas relief, it first addresses a jurisdictional argument raised by Federal Respondents.

### A.    Jurisdiction

Federal Respondents argue that this Court lacks jurisdiction under 8 U.S.C. § 1252(g) and (b)(9) to consider Petitioner's habeas petition.  The Court considers each provision in turn.

### 1.  Section 1252(g)

Federal Respondents first argue that 8 U.S.C. § 1252(g) divests this Court of jurisdiction over Petitioner's challenge to ICE's third-country removal policy.  Section 1252(g) states in relevant part: "[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen] under this chapter." 8 U.S.C. § 1252(g).  Federal Respondents argue this statute strips the Court of jurisdiction over Petitioner's third-country-removal argument because he challenges Respondents' "decision or action to 'execute' a final removal order." (Fed. Resp'ts Resp. 6:12, ECF No. 15).  They contend that "every circuit court of appeals to address the issue has held that § 1252(g) eliminates subject-matter jurisdiction over habeas challenges (including those raising constitutional claims) to an arrest or detention for the purpose of executing a final removal order." (*Id.* 6:15–18 (citing *Rauda v. Jennings*, 55 F.4th 773, 778 (9th Cir. 2022); *Tazu v. Att'y Gen. United States*, 975 F.3d 292, 297 (3d Cir. 2020); *E.F.L. v. Prim*, 986 F.3d 959, 964–65 (7th Cir. 2021); *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1274 (11th Cir. 2021)).  But the Ninth Circuit recently rejected Federal Respondents' argument.

In *Ibarra-Perez v. United States*, 154 F.4th 989 (9th Cir. 2025), the government raised the same argument that Federal Respondents raise here, claiming § 1252(g) divests courts of jurisdiction over challenges to third-country removal without sufficient process because those arguments challenge the execution of a removal order within the meaning of § 1252(g). *Id.* at 996–97; (Fed. Resp'ts Resp. 7:18–20). In *Ibarra-Perez*, the IJ ordered Ibarra-Perez's removal to Cuba, but granted withholding of removal. *Ibarra-Perez v. United States*, 154 F.4th 989, 992 (9th Cir. 2025). After that removal order became final, ICE removed Ibarra-Perez to Mexico without giving him an opportunity to raise fear-based claims. *Id.* at 993–94. Ibarra-Perez eventually returned to the United States and brought tort claims for damages from his third-country removal to Mexico without sufficient process. *Id.* The district court concluded it lacked subject matter jurisdiction over the claims under § 1252(g). *Id.* Ibarra-Perez appealed, and the Ninth Circuit reversed.

The Ninth Circuit explained that "[t]he Supreme Court has given a 'narrow reading to § 1252(g)." *Ibarra-Perez v. United States*, 154 F.4th 989, 996 (9th Cir. 2025) (citing *Reno v. Am.-Arab Anti-Discrimination Comm. ("AADC")*, 525 U.S. 471, 487 (1999). "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *AADC*, 525 U.S. at 482 (emphasis in original) (quoting 8 U.S.C. § 1252(g)). Instead of "sweep[ing] in any claim that can technically be said to 'arise from' the three listed actions," the provision "refer[s] to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018). "There are of course many . . . decisions or actions that may be part of the deportation process" not implicated by § 1252(g), "such as the decisions to open an investigation, to surveil the suspected violator, to reschedule the deportation hearing, to include various provisions in the final order that is the product of the adjudication, and to refuse reconsideration of that order." *AADC*, 525 U.S. at 482.

Page 4 of 12

The *Ibarra-Perez* court further explained that "[t]he Court has characterized § 1252(g) as a 'discretion-protecting provision.'" *Ibarra-Perez*, 154 F.4th at 996 (citing *AADC*, 525 U.S. at 487). "Section 1252(g) was directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion." *AADC*, 525 U.S. at 485 n.9. Courts "have jurisdiction to decide a 'purely legal question' that 'does not challenge the Attorney General's discretionary authority.'" *Ibarra-Perez*, 154 F.4th at 996 (citing *United States v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004) (citation modified). And they have jurisdiction "even if the answer to that legal question . . . forms the backdrop against which the Attorney General later will exercise discretionary authority." *Ibarra-Perez*, 154 F.4th at 996 (quoting *Hovsepian*, 359 F.3d at 1155).

Like Ibarra-Perez, Petitioner argues he has a constitutional and statutory right to meaningful notice and an opportunity to present a fear-based claim before being removed to a third country. As in *Ibarra-Perez*, Petitioner's arguments do not challenge Federal Respondents' discretionary authority to decide "when" or "whether" to execute a removal order; Petitioner challenges Federal Respondents' legal authority to remove him to a third country—one that does not appear in his removal order—without due process. *See Ibarra-Perez*, 154 F.4th at 997–98 ("Because Mexico was not mentioned in the order of removal, Ibarra-Perez does not challenge the 'execution' of his removal order."). Section 1252(g) therefore does not divest this Court of jurisdiction over Petitioner's request to prohibit his removal to a third country without sufficient notice and an opportunity to raise fear-based claims.[6]

---

[6] This Court's holding joins that of many other courts. *See, e.g., D.V.D. v. U.S. Dep't of Homeland Sec.* (*D.V.D. II*), -- F. Supp. 3d --, 2026 WL 521557, at *11 (D. Mass. Feb. 25, 2026) (Third-country removal challenges "are policy challenges and that the adoption of policy is simply not among the 'discrete' set of actions covered by section 1252(g)."); *Ramirez v. Noem*, No. 2:25-CV-02136-RFB-MDC, 2026 WL 310090, at *9 (D. Nev. Feb. 5, 2026) (applying *Ibarra-Perez* to reject the government's argument that § 1252(g) divested jurisdiction over plaintiffs' third-country removal challenges); *Castillo v. Chestnut*, No. 1:25-CV-01296-SABHC, 2026 WL

### 2. Section 1252(b)(9)

Federal Respondents also contend that 8 U.S.C. §§ 1252(a)(5) and 1252(b)(9) deprive this Court of jurisdiction to consider Petitioner's challenge to the execution of his final removal order. Section 1252(a) provides, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal." And § 1252(b)(9) adds that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove [a noncitizen] from the United States under this subchapter shall be available only in judicial review of a final order under this section." Federal Respondents argue that those statutes taken together "express Congress's intent to funnel judicial review of every aspect of removal proceedings into a petition for review filed in the courts of appeals." (Fed. Resp'ts Resp. 8:14–16). Federal Respondents therefore suggest that Petitioner's only avenue for recourse is through a petition for review of his removal order to the Ninth Circuit. This is patently false and such argument was also denounced in *Ibarra-Perez*.

In *Ibarra-Perez*, the Ninth Circuit posited: "If § 1252(g) bars jurisdiction to review removals outside of removal proceedings, and if § 1252(a)(5) and (b)(9) provide the only remedy to Ibarra-Perez, ICE can send anyone to any country without any review." *Ibarra-*

---

121652, at *6 (E.D. Cal. Jan. 16, 2026) (applying *Ibarra-Perez* to reject the government's argument that § 1252(g) divested jurisdiction over petitioner's habeas claim against third-country removal and collecting cases); *J.R. v. Bostock*, 796 F. Supp. 3d 684, 690 (W.D. Wash. 2025) ("J.R.'s claim that the Government has violated the APA by failing to carry out non-discretionary statutory duties and provide due process to seek withholding of removal under CAT is the gravamen of his suit. Therefore, Section 1252(g) does not strip this Court of jurisdiction to issue injunctive relief in this case."); *D.V.D. v. U.S. Dep't of Homeland Sec. (D.V.D. I)*, 778 F. Supp. 3d 355, 377 (D. Mass.), *opinion clarified,* No. CV 25-10676-BEM, 2025 WL 1323697 (D. Mass. May 7, 2025), *and opinion clarified,* No. CV 25-10676-BEM, 2025 WL 1453640 (D. Mass. May 21, 2025), *reconsideration denied sub nom. D.V.D v. U.S. Dep't of Homeland Sec.*, 786 F. Supp. 3d 223 (D. Mass. 2025) ("This Court's decision is in accord with numerous sister courts around the country that have recognized that section 1252(g) shields only discretionary decisions concerning the three stages of the deportation process.").

*Perez*, 154 F.4th at 999.  Then the court unequivocally stated: "Section 1252(g) is not such a bar, and § 1252(a)(5) and (b)(9) do not provide the only remedy to someone in Ibarra-Perez's position." *Id*.  The *Ibarra-Perez* court went on to explain that "[§] 1252(a)(5) provides that a petition for review is "the sole and exclusive means for judicial review of an order of removal." *Ibarra-Perez*, 154 F.4th at 1000.  Section 1252(b)(9) is a "'zipper clause' that consolidates all 'questions of law and fact . . . arising from any action taken or proceeding brought to remove [a noncitizen]' into a petition for review." *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012) (quoting § 1252(b)(9)).  "The 'arising from' language appears broad, but the Supreme Court has cautioned against an 'expansive' interpretation of § 1252(b)(9) that would lead to 'absurd' results and make certain claims 'effectively unreviewable.'" *Ibarra-Perez*, 154 F.4th at 1000 (quoting *Jennings*, 583 U.S. at 293).  The Ninth Circuit has held that § 1252(b)(9) does not bar claims that are "independent of or collateral to the removal process." *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016).

Here, like in *Ibarra-Perez*, Petitioner "does not seek review of his removal order," but challenges ICE's policy of removing him to a third country without sufficient notice or an opportunity to present fear-based claims. *See Ibarra-Perez*, 154 F.4th at 1000.  As in *Ibarra-Perez*, sections 1252(a)(5) and (b)(9) do not strip this Court's jurisdiction over Petitioner's case.  Thus, the Court has jurisdiction over Petitioner's Amended Petition.[7]

**B.     Third Country Removal Policy (Ground 1)**

The Court now turns to the merits of the Amended Petition.  Petitioner contends that ICE's policy of removing noncitizens to a third country with no notice or opportunity to seek fear-based protection violates his due process rights and constitutes arbitrary and capricious

---

[7] Insofar as Federal Respondents also argue §§ 1252(a)(5), (b)(9), and (g) divest this Court of jurisdiction over Petitioner's challenges to his immigration detention, they are incorrect.  Federal district courts have long exercised jurisdiction over habeas petitions brought by noncitizens challenging the lawfulness of their immigration detention. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678 (2001).

agency action in violation of the APA. (Am. Pet. 15:2–4).  Respondents do not respond to this ground for relief. *See* LR 7-2(d).

As the Court has previously found in *Cavieres Gomez v. Mattos*, No. 2:25-cv-00975-GMN-BNW, 2025 WL 3101994 at *6–7 (D. Nev. Nov. 6, 2025), Petitioner has a due process right to receive meaningful notice and opportunity to present a fear-based claim to an immigration judge before DHS deports him to a third country.  "Immigration proceedings must provide the procedural due process protections guaranteed by the Fifth Amendment." *Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012) (citing *Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009)).  "A 'noncitizen must be given sufficient notice of a country of deportation that, given his capacities and circumstances, he would have a reasonable opportunity to raise and pursue his claim for withholding of deportation.'" *Nguyen v. Scott*, 796 F. Supp. 3d 703, 727 (W.D. Wash. 2025) (quoting *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1009 (W.D. Wash. 2019) (citing *Mathews v. Eldridge*, 424 U.S. 319, 349 (1976)).  "[I]ndividuals whose rights are being determined are entitled to notice of the issues to be adjudicated, so that they will have the opportunity to prepare and present relevant arguments and evidence." *Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999).  "In the context of country of removal designations, last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country." *Najjar v. Lynch*, 630 F. App'x. 724, 725 (9th Cir. 2016) (non-precedential memorandum disposition).  Thus, in accordance with the ample case law above, Petitioner has a due process right to receive meaningful notice and opportunity to present a fear-based claim to an immigration judge before DHS deports him to a third country.[8]  Accordingly, this ground for relief is GRANTED.

---

[8] Because the Court finds that Petitioner puts forth a successful argument under the Fifth Amendment right to due process, it need not determine whether the stated policy violates the APA.

### C.    Continued Detention (Ground 2)

Petitioner argues that "to the extent that Petitioner's continued detention is meant to facilitate his removal to a third country," his detention is unlawful because ICE's procedure for third-country removal is arbitrary and capricious and does not comply with due process. (Am. Pet. 16:20–22).  Petitioner further contends that because he cannot be removed to Cuba, his continued detention is solely in furtherance of Federal Respondents' unlawful third-country removal policy. (Reply 11:3–4, ECF No. 17).

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.  The Supreme Court has held that "the Due Process Clause protects [a noncitizen] subject to a final order of deportation." *Zadvydas*, 533 U.S. at 693–94. In *Zadvydas*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Id.* at 699.

The authority of ICE to detain noncitizens under federal law derives from 8 U.S.C § 1231, which directs the Attorney General of the United States to affect the removal of any noncitizen from this country within 90 days of a final order of removal. 8 U. S. C. § 1231(a)(1). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final," (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the [noncitizen] is released from non-immigration detention or confinement. § 1231(a)(1)(B).  During the removal period, detention is mandatory. § 1231(a)(2).  Under § 1231, the removal period may be extended beyond 90 days for a variety of reasons including a determination by DHS that "removal is not practicable or proper." *Id.*

The parties agree that Petitioner's removal order became final on January 22, 2026, and as such, the 90-day removal period will end on April 22, 2026. (Am. Pet. 14:16–17); (Fed. Resp't's Resp. 3:4–6).  Because detention is mandatory during the removal period, Petitioner's

detention is currently lawful. *See* 8 U.S.C. § 1231(a)(2).  Thus, this ground for relief is DENIED without prejudice.[9]

### D.    Custody Assessment (Ground 3)

Petitioner contends that his continued detention, without ICE providing him an individualized custody assessment in compliance with ICE policy, violates the APA, 5 U.S.C. §706(2)(A).  Respondents fail to respond to this argument.

Before the end of the 90-day removal period, the local ICE field office with jurisdiction over a noncitizen's detention must conduct a custody review to determine whether the noncitizen should remain detained. *See* 8 C.F.R. § 241.4(c)(1), (h)(1), (k)(1)(i).  A copy of any decision to release or continue to detain a noncitizen "shall be provided to the detained [noncitizen]." 8 C.F.R. § 241.4(d).  Where ICE decides that a noncitizen will stay detained, the decision provided to the noncitizen "shall briefly set forth the reasons for the continued detention." *Id.*

Here, Petitioner argues that on information and belief, he has not received a custody review and should be released.  But the 90-day removal period has not concluded, so this challenge is premature.  Federal Respondents have until the end of Petitioner's 90-day removal period to conduct a custody review.  Thus, this ground for relief is DENIED without prejudice.

### E.    Requested Relief

First, Petitioner requests that he be released from ICE custody immediately. (Am. Pet. 21:14).  But for the reasons discussed above, Petitioner does not demonstrate that his detention is unlawful such that release is warranted at this time.  In the alternative to release, Petitioner requests that the Court dismiss the Amended Petition without prejudice or stay the Amended Petition pending the end of the 90-day removal period.  The Court declines to stay the case and

---

[9] Petitioner raises statutory arguments for the first time on Reply that the Court does not address because Respondents did not have a chance to respond. (Reply 11:9–12:6).

instead denies grounds two and three without prejudice and closes the case. The Court denies grounds two and three without prejudice so that Petitioner may file a new habeas case challenging the constitutionality of his detention in the future if he so chooses.

Second, Petitioner requests that the Court prohibit Respondents from removing petitioner to a third country without providing Petitioner and Petitioner's counsel with adequate notice of intent to seek removal to a third country and due process in the form of an opportunity to seek to reopen Petitioner's immigration court proceedings to seek fear-based relief from removal. For the reasons discussed above, the Court finds that this form of relief is warranted.

## IV.     CONCLUSION

**IT IS HEREBY ORDRED** that Petitioner's Amended Petition for Habeas Corpus Relief under 28 U.S.C. § 2241, (ECF No. 10), is **GRANTED**, in part, and **DENIED**, in part without prejudice. Ground one is **GRANTED**; Grounds two and three are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Temporary Restraining Order, (ECF No. 11), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Respondents are enjoined from removing Petitioner to a third country without providing Petitioner with adequate notice of intent to seek removal to a third country and due process in the form of an opportunity to seek to reopen Petitioner's immigration court proceedings to seek fear-based relief from removal.

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 25(d), Acting U.S. Attorney General Todd Blanche is substituted for the currently named Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted or currently named Kristi Noem. The Clerk of Court is kindly directed to update the docket to reflect these substitutions.

The Clerk of Court is further kindly directed to change Petitioner's name on the docket to reflect the name provided in both the original and Amended Petitions: Alfredo Alvarez Guerra.  The Clerk of Court is also kindly directed to update the docket to include Kerri Ann Quihuis as a Defendant.

Counsel for Respondents are directed to immediately provide notice of this Order to the parties they represent.

The Clerk of Court is kindly directed to enter judgment according to this order and close the case.

**DATED** this ___7___ day of April, 2026.

_____

Gloria M. Navarro, District Judge
United States District Court